UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EVAN N. WESTMORELAND,

                             Plaintiff,

    vs.                                                      9:03-CV-1502 (FJS/GJD)

DR. J. FLAGED; DR. WELDON,

                             Defendants.
_____

EVAN N. WESTMORELAND
Plaintiff pro se

ELIOT SPITZER                         RISA L. VIGLUCCI
Attorney General of the            Asst. Attorney General
State of New York

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Chief United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules NDNY 72.3(c).

     In this civil rights complaint, plaintiff alleges that the defendants denied him appropriate medical care in violation of the Eighth Amendment.

     Presently before the court is defendants' motion to dismiss this action for failure to notify the court of a change of address and for failure to prosecute. (Dkt. No. 18). For the following reasons, this court agrees with defendants and will recommend

dismissal of the complaint.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 34 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, *8 (W.D.N.Y. July 22, 2004)(emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure

caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

Plaintiff filed this action on December 22, 2003. (Dkt. No. 1). On December 22, 2003, this court mailed a letter to plaintiff acknowledging receipt of his complaint and accompanying papers. The complaint itself was dated November 17, 2003. Plaintiff completed the Marshal's Form 285 for service of process on the same date. (Dkt. No. 12). On December 31, 2003, this court issued an order, granting plaintiff's in forma pauperis status and ordering service of the complaint. (Dkt. No. 5). On December 31, 2003, this court was informed that the letter sent to plaintiff by the court on December 22, 2003 was returned as "undeliverable." (Dkt. No. 6). Plaintiff was no longer at the address that he provided to the court.

On January 9, 2004, the court's filing order was also returned as "undeliverable." (Dkt. No. 7). However, since plaintiff had already completed the Marshal's Forms for service, the complaint was served on defendants, and defendants filed answers to the complaint. (Dkt. Nos. 11, 15). Nothing further was ever heard

3

from plaintiff.  Mail from the court was returned "undeliverable" on March 17, 2004)..  (Dkt. No. 10).  I issued a pretrial scheduling order on May 24, 2004, but this too was returned to the court as "undeliverable." (Dkt. Nos. 16, 17).  Defendants' motion to dismiss was filed on March 9, 2005. (Dkt. No. 18).

On April 27, 2005, the court attempted to determine plaintiff's location, but a check of the website of the Department of Correction Services (DOCS) showed that plaintiff was released on December 19, 2003, approximately one month after he signed this complaint, and had already been released when the complaint was filed on December 22, 2003.   I have again attempted to determine plaintiff's location,  and the DOCS website now indicates that although plaintiff was released on December 19, 2003, he was back in jail on May 24, 2005, but was again released on September 30, 2005.  Plaintiff is clearly not interested in pursuing this complaint since he has done nothing to move the case forward or to inform defendants or the court of his whereabouts.

In reviewing the decision to recommend dismissal according to the Second Circuit's factors, I note first, that the delay has been of considerable duration.  Although it is possible that plaintiff never received this court's filing order warning him of his responsibility to keep the court informed of his address, the failure of plaintiff to receive the warning was due to his own failure to tell the court where it could send correspondence.  In *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445

4

(W.D.N.Y. 1997), the court dismissed the pro se plaintiff's lawsuit where plaintiff's failure to receive the court's order warning of dismissal was due either to plaintiff's deliberate failure to claim the letter or the failure to advise the court of plaintiff's change of address. Thus, this court has no way to notify plaintiff.

Defendants will certainly be prejudiced by any further delay. The defendants have not been able, and will not be able to obtain any discovery from plaintiff himself since they have never been able to contact him. There is no issue of court congestion in this action. Finally, the court cannot even consider lesser sanctions because the court cannot contact plaintiff to tell him what those lesser sanctions might be. Therefore, based on the circumstances in this case and an analysis of the Second Circuit's factors, this court is constrained to recommend dismissal of this action for failure to prosecute.

The court would also point out that a brief review of the complaint shows that plaintiff alleges that he suffered adverse side effects from a medication prescribed by defendant Flaged at Greene Correctional Facility, and that this medication was continued by defendant Weldon at Bare Hill Correctional Facility. Plaintiff also mentions that he has back pain and had asked to see an orthopedic specialist, but does not associate this claim with either of the defendants. Had the court been considering the merits of this claim I may have recommended dismissing the claim without

5

prejudice to refiling[1], but since plaintiff has chosen to abandon this action, I will recommend dismissal for failure to prosecute.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 18) be **GRANTED**, and the complaint be **DISMISSED FOR FAILURE TO NOTIFY THE COURT OF HIS CHANGE OF ADDRESS AND FOR FAILURE TO PROSECUTE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 14, 2005

                                                  Hon. Gustave J. DiBianco
                                                  U.S. Magistrate Judge

---

[1] The court would point out that negligence by physicians, even amounting to malpractice does not become a constitutional violation because the plaintiff is an inmate. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) *See also Daniels v. Williams*, 474 U.S. 327, 332 (1986)(negligence not actionable under section 1983). Thus, any claims of malpractice, or ***disagreement with treatment*** would not have been actionable under section 1983.